IN THE UNITED STATES COURT
FOR THE DISTRICT OF SOUTH CAROLINA

David Major,

  Plaintiff,

V.


James Island Public Service District,

  Defendant.

**Case For Employment**

**Discrimination and Retaliation**

Case No.: _____

Jury Trial Requested

## I.    The Parties to This Complaint

### A.    The Plaintiff

David Major

1044 Lexi Court

Ladson, South Carolina 29456

843/568-8409

### B.    The Defendant(s)

James Island Public Service District

1739 Signal Point Road

Charleston, South Carolina 29412-8026

**Mailing Address:**

Post Office Box 12140

Charleston, South Carolina 29422-2140

1

**C.**     **Place of Employment**

The address at which I sought employment or was employed by the defendant is:

James Island Public Service District

1739 Signal Point Road

Charleston, South Carolina 29412-8026

## II.     Basis for Jurisdiction and Venue

### A. Jurisdiction

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this case arises under federal law, including but not limited to, Title VII of the Civil Rights Act of 1964 based upon race, color and retaliation Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17.

2. The Court also has jurisdiction pursuant to the following South Carolina state law: South Carolina Human Affairs Law (SCHAL), S.C. Code Ann. §§ 1-13-10 et seq.

### B.  Venue

Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the events giving rise to this claim occurred within this District and the Defendant resides or conducts business here.

## III.     Statement of Claim

A.     The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

    X     Termination of my employment, Constructive Discharge.

    X     Failure to promote me and by demoting me.

    X     Unequal terms and conditions of my employment.

**X**    Retaliation.

**X**    Other acts (specify):  Harrassment and Hostile Work Environment

B.    It is my best recollection that the alleged discriminatory acts occurred on date(s)

1.    January 13, 2024, upon my constructive discharge;

2.    Beginning in September 2022, when transferred, intentionally demoted and pay decreased, without any basis, and with ongoing discrimination and retaliation until the day I had to resign;

3.    On November 17, 2023, in retaliation for my reporting information to HR, forced me to take a random drug test and driven by a supervisor to witness the test;

4.    On December 13, 2023, falsely and with malice told that the drug test was lost and forced to take another drug test which I believe was because of my race and in retaliation to continuously, maliciously, and with wilful and wanton harass me and create a hostile work environment. JIPSD made me drive a company/JIPSD truck by myself to the drug test, alone;

C.    I believe that defendant(s) *(check one)*:

☐        is/are still committing these acts against me.

**X**    is/are not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my (check all that apply and explain):

**X    Race:** I am African American and experience discrimination by James Island Public Service District (JIPSD) and its employees because of my race and

3

ethnicity by being intentionally, and without basis, evaluated poorly after years of positive evaluations in an effort to pay me less and ultimately demote me due to my race, ethnicity and color. The discrimination I experienced included workplace harassment and intentionally treating me different from other employees that were not African American or Black.

**X      Color:** I am Black and African American and experience discrimination by James Island Public Service District (JIPSD) and its employees because of my race and ethnicity by being intentionally evaluated poorly after years of positive evaluations in an effort to pay me less and ultimately demote me due to my race, ethnicity and color. The discrimination I experienced included workplace harassment and intentionally treating me different from other employees that were not African American or Black

E.      **Facts**

The facts of my case are as follows.

I began my employment with JIPSD on August 15, 2017, and my last employment date was January 13, 2024. I worked at James Island Public Service District ("JIPSD") for 7 years and approximately 4 months. Ultimately, because of retaliation and race discrimination, I resigned under duress. In essence I was terminated after experiencing two years of harassment, retaliation and race discrimination.

During my first 5 years of employment, I was a Project Coordinator for the District and its Commissioners. I worked alongside David Hoffman, the Director of Wastewater Management. Mr. Hoffman and I had a fantastic work relationship and received positive reviews and did not receive any infractions or discipline. I also served as an Administrator in Waste

4

Management Department. Up until September 2022, my personnel files were without any tarnishment or blemishes. My attendance was clear, with no write-ups or complaints, excellent verbal skills, and no reports of misconduct with the contractors, employees, residents, and other associates. In September 2022, I was asked by Dave Schaeffer, District Manager, to transfer to another Department, the Solid Waste Department. At this point, the harassment and racial discrimination began under the new supervisors, "Director of Solid Waste," Walter Desmond, and Dave Schaeffer. In 2022, I was evaluated and given a 2% for the first time in my evaluation period.

The subsequent year, during my evaluation, I received a lower assessment of 1%. Mr. Desmond said that if I disagree with my assessment, "Don't ask me any questions; go directly to the Human Resource Officer." Thus, I went to the Human Resource Department. I informed them of the targeting, low evaluations, and miscommunication regarding a customer. As I left the Human Resource Department, Dave Schaeffer saw me. The HR Department is not internal to James Island but a contracted company on-site. The accused miscommunication with the customer was not valid. Every call with a customer was recorded. I asked to have the customer calls replayed, but to no avail; JIPSD refused. However, I was cited negatively during my evaluation.

After meeting with HR, I was summoned to a meeting with Mr. Dave Schaeffer, Walter Desmond, Joe Macinkus (all caucasion) and a 3rd party HR representative. During the meeting, I was demoted: my title was changed to a lower position, and I had a financial demotion (approx $2.50 per hour), and they changed my shift to all weekends only. Before this, I worked 10 hours a day, Monday through Thursday.

5

Once I was demoted, I went on a two-week vacation. Upon return from the two weeks (PTO), on November 17, 2023, I was asked to take a drug test at an unknown and not typical facility, Roper Express on James Island. Per law and policy, I was driven to this facility. This is standard procedure. However, the facility used is not the typical process as all random drug test typically were at the Nurses office at 1739 Signal Point Road, the office for JIPSD. I passed the original test with negative results in all categories as the nurse at the facility told me this. I do not participate in any drug use.

Approximately 3 and a half weeks later, on December 13, 2024, I was ordered by two Caucasians, Dave Schaeffer and Shawn Engleman, the fire safety inspector, to take another drug test at a different location and a breathalyzer. Before being asked to take the second drug test, I was informed that my original drug test was allegedly lost. Once I was told the drug test was lost, I was advised to drive to the location in my own car, which is prohibited by law and policy. I also followed up with the original facility for the first drug testing, and they informed me that my test results were not lost and that they had verification the results were received by a JIPSD employee responsible for handling drug testing results. The results from the second testing were also negative as I continued to work and never informed otherwise

I informed a current Commissioner, Brenda Grant, once I resigned, of all of this illegal drug testing, hostile and harassing work environment, retaliation and discrimination. She brought to the attention of the Commission and its attorneys that sending me in my own car by myself for drug testing violated "HIPAA and JIPSD policy and procedure." She questioned Mr. Shawn Engleman, "Director of Fire and Safety" and Mr. David Schaeffer, and asked both to explain why they violated "HIPAA Law."

6

I am aware the attorneys warned and cautioned Mr. Schaeffer and Mr. Engleman. Shortly after this, Mr. Schaeffer put his resignation notice in to leave in April. Both of their (Schaeffer and Engleman) stories to the Commissioner and Commission were intentionally misleading and incongruent during this recent Executive Session. She posed questions such as: "what is the drug test procedure," and "why was it different for Mr. Major?" The Commissioner will attest to this and the incident involving my inappropriate second drug testing.

This mistreatment with negative evaluations and the harassing multiple improper "radom drug testing" are examples of racial discrimination, harassment and retaliation. They treated me differently because I am African. My supervisors and the other JIPSD employees involved in my demotion and different treatment in my employment are all Caucasian. This is not the first occasion in which Mr. Schaeffer and others in the JIPSD have been involved in racial and harassing mistreatment, including previous lawsuits. Commissioner Grant and other employees at JIPSD can attest to this, including an employee Nathan Johnson.

*See* **Exhibit 1—EEOC Charge, dated June 24, 2024, Attached to the complaint.**

## IV.    Exhaustion of Federal Administrative Remedies

A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct on June 25, 2024. *See* **Exhibit 1, EEOC Charge.**

B.    The Equal Employment Opportunity Commission *(check one)*:

Issued a Notice of Right to Sue letter, which I received on April 7, 2026.

*See* **Exhibit 2,** Notice of Right to Sue letter from the Equal Employment Opportunity Commission.

7

## V.     Relief

WHEREFORE, Plaintiff respectfully requests that this Court:

1.  Award Plaintiff compensatory and actual damages of at least ninety-seven thousand dollars ($97,000) or as determined at trial;

2.  Award punitive damages due to the malicious, willful and wanton conduct of my supervisors and other JIPSD employees, or as determined at trial;

3.  Grant injunctive relief, including reinstatement or front pay; and,

4.  Grant such other and further relief as the Court deems just and proper.

    These are damages while working at JIPSD due to discriminatory demotions: loss of pay, loss of opportunity in promotions, improper and abusive use of drug testing, ultimate forced resignation/termination and, loss of paid per diem for additional 250 vacation days due to early termination.

    Losses because of termination and after termination: Loss of pay while out of work, initial loss of pay due to part-time job, loss income (and hours) in my new position (lower hourly rate), significant losses in State Retirement because terminated too early and no longer in a State job, loss in 401K and 457 because of loss of matching funds and loss of transfer funds due to early termination from JIPSD.

8

## VI.     Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.     For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Respectfully Submitted,

Date of signing: _07   07_, 2026.

Signature of Plaintiff

David Major, Pro Se
1044 Lexi Court
Ladson, South Carolina 29456
843/568-8409
dbmajor7980@yahoo.com

9